UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GERMAN ISAIAS XANTE LUCAS,

Petitioner,

v.

WARDEN NORTHWEST ICE PROCESSING CENTER, et al.,

Respondents.

CASE NO. C26-3757JLR

ORDER

## I. INTRODUCTION

Before the court is *pro se* Petitioner German Isaias Xante Lucas's petition for a writ of habeas corpus under 28 U.S.C. § 2241 and motion for bond redetermination hearing. (2d Pet. (Dkt. # 12); Traverse (Dkt. # 15); Mot. (Dkt. # 6).) The Government[1]

[1] The Federal Respondents are Enforcement and Removal Operations United States Immigration and Customs Enforcement ("ICE") Seattle Field Office Director, United States Department of Homeland Security Secretary, United States Attorney General, and Executive Office for Immigration Review Director (together, the "Government").

opposes the petition. (Return (Dkt. # 9).) The court has considered the parties' submissions, the record, and the governing law. Being fully advised, the court GRANTS the petition IN PART and DENIES the motion as MOOT.

## II. BACKGROUND

Petitioner is a native and citizen of Guatemala who entered the United States without admission or parole in approximately August 2018. (Pet. at 5.) On June 4, 2019, United States Border Patrol ("USBP") encountered Petitioner in Calexico, California. (Truong Decl. (Dkt. # 11) ¶ 4.) The Government issued Petitioner a Notice to Appear ("NTA") and, following multiple returns to Mexico under the Migrant Protection Protocols, scheduled Petitioner for a hearing before an immigration judge ("IJ") on October 2, 2019. (*Id.* ¶¶ 5-7.) Petitioner failed to appear for the hearing and the IJ terminated the removal proceedings. (*Id.* ¶ 8.) The Government appealed the IJ's termination order to the Board of Immigration Appeals ("BIA"), which vacated the order and reinstated Petitioner's removal proceedings on March 24, 2020. (*Id.* ¶ 8-9.) On July 2, 2021, the Government moved to dismiss Petitioner's removal case without prejudice pursuant to 8 C.F.R. §§ 239.2(a)(7) and 1239.2(c), "asserting that circumstances had changed after the NTA was issued." (*Id.* ¶ 10.) The IJ granted the motion and dismissed Petitioner's removal proceedings without prejudice. (*Id.*)

On October 1, 2026, the Government encountered Petitioner in Seattle, Washington and detained him to verify his identify. (*Id.* ¶ 11.) The Government subsequently determined that Petitioner was unlawfully in the United States, issued him a new NTA, and scheduled him to appear in new removal proceedings. (*Id.* ¶ 11-12.)

During its initial custody determination, the Government decided to keep Petitioner in detention and transfer him to the Northwest ICE Processing Center, where he has since remained. (*Id.* ¶¶ 13-14.) Petitioner elected to have an IJ review the Government's custody determination and a bond hearing was scheduled for October 29, 2026. (*Id.* ¶¶ 15-16.)

On October 5, 2026, Petitioner initiated this action by filing the petition. (Pet. (Dkt. # 1).) Petitioner initially filed an unverified petition but subsequently submitted a verified petition on October 15, 2026. (2d Pet.) October 7, 2026, Petitioner filed a motion for a bond redetermination hearing. (Mot.) At Petitioner's October 29, 2026 bond hearing, the IJ denied bond. (11/3/26 Not. (Dkt. # 16).) The petition and motion are fully briefed and ripe for the court's consideration.[2]

## III. ANALYSIS

Habeas petitioners must prove by a preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

---

[2] Victor Gaspar Xante Lucas filed the traverse as Petitioner's next friend. (*See* Traverse at 3.) The court construes the filing as a motion to serve as next friend for Petitioner. Although the Supreme Court has held that a third party may file a petition for writ of habeas corpus on behalf of a noncitizen by invoking "next friend" status, *Whitmore v. Arkansas*, 495 U.S. 149, 161-64 (1990), to establish next friend standing, a "putative next friend must show" that she "has some significant relationship with, and is truly dedicated to the best interests of, the plaintiff." *Coal. of Clergy, Laws., & Professors v. Bush*, 310 F.3d 1153, 1159-60 (9th Cir. 2002) (quoting *Massie ex rel. Kroll v. Woodford*, 244 F. 3d 1192, 1194 (9th Cir. 2001)). Because Mr. Xante Lucas does not disclose the nature of his relationship with Petitioner, the court lacks sufficient information to determine the requirement for a "significant relationship" is satisfied. Accordingly, the court DENIES the motion to serve as next friend without prejudice to Mr. Xante Lucas renewing his request as warranted.

Petitioner asserts that his re-detention violates the Fifth Amendment because the Government failed to provide pre-detention notice or a meaningful custody review and failed "to provide the post-arrest custody process required by law." (2d Pet. at 3.) He seeks immediate release or, alternatively, "a prompt constitutional bond hearing." (*Id.*) In response, the Government asserts that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a) and entitled to a bond redetermination before an IJ.[3] (Return at 1 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022)).) The Government further contends that because "Petitioner was neither in active removal proceedings nor subject to any conditions of release at the time of his October 1, 2026 [] re-detention[,]" he was not entitled to a pre-deprivation hearing prior to his arrest. (*Id.* at 6 (compiling cases so holding).) The court agrees with the Government.

In so holding the court adopts in full the legal reasoning and analysis of *Garcia Gabriel v. Hermosillo*, No. C25-02594DGE-GJL, 2026 WL 194233, at *6 (W.D. Wash. Jan. 26, 2026)—a case with material parallels to the case at bar. In *Garcia Gabriel*, the Government detained the petitioner upon arrival to the United States and placed him in removal proceedings. *Id.* at *1. An IJ later terminated those removal proceedings, but the Government ultimately re-detained the petitioner. *Id.* While an IJ subsequently denied bond for the petitioner, the record lacked confirmation that it was constitutionally sufficient. *Id.* at *2, *4 (noting that "the record is unclear as to what evidence the [IJ] in

---

[3] The Government also contends in its return that the court should refuse to consider an unverified petition. (Return at 3-4.) Because Petitioner cured the defect, the court declines to dismiss the petition on this basis.

fact considered in denying [the] bond request"). Customarily, an IJ "considers various factors in making [a bond] determination, including the individual's ties to the United States, as well as his employment history, criminal record, history of immigration violations, and manner of entry into this country." *Rodriguez Diaz*, 53 F.4th at 1197 (citing to *In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)). Accordingly, the *Garcia Gabriel* court concluded that (1) because the petitioner's removal proceedings were terminated when the Government re-detained him, he was not entitled to a pre-detention hearing; and (2) the petitioner was subject to discretionary detention under 8 U.S.C. § 1226 and ordered that the Government "either provide [the petitioner] with a constitutionally adequate bond hearing under 8 U.S.C. § 1226(a) or release him under an appropriate order of supervision." *Garcia Gabriel*, 2026 WL 194233, at *6.

Relying on the analysis of *Garcia Gabriel*, this court determines that a pre-detention hearing was not required and that Petitioner is entitled to a constitutionally adequate bond hearing. Although Petitioner has previously requested and received a bond hearing, based on the record currently before the court, questions remain as to whether the IJ applied the correct standard of review and considered the proper evidence in making its determination. (*See generally* Dkt.)

## IV. CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

(1) The court GRANTS IN PART the petition for a writ of habeas corpus (Dkt. # 12) and ORDERS the Government to provide Petitioner a hearing in which the Government bears the burden of proof to justify immigration re-detention

by clear and convincing evidence. *Singh v. Holder*, 638 F.3d 1196, 1203-1204 (9th Cir. 2011) within seven days of this order.

(2) The parties shall file a joint status report in 14 days confirming compliance with this order. The status report shall detail if and when the ordered bond hearing occurred, if bond was granted or denied, and if denied, the reasons for that denial.

(3) Because the court orders a new bond hearing, the court DENIES as MOOT Petitioner's motion for bond redetermination (Dkt. # 6).

Dated this 10th day of November, 2026.

JAMES L. ROBART
United States District Judge